1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

ALAN MCMANN and DONNA
MCMANN, husband and wife,

CASE NO. C14-5429 BHS

9

                    Plaintiffs,

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

10

v.

11

AIR & LIQUID SYSTEMS
CORPORATION, et al.,

12

                    Defendants.

13

14    This matter comes before the Court on Defendant IMO Industries, Inc.'s ("IMO")

15   (Dkt. 58) motion for summary judgment.

16    On July 16, 2013, Plaintiffs Alan and Donna McMann ("McManns") filed a

17   complaint alleging that Mr. McMann was exposed to asbestos while working for

18   numerous Defendants, including IMO individually and as successor in interest to

19   DeLaval Turbine, Inc. ("DeLaval").  Dkt. 59, Declaration of Michael E. Ricketts, Exh. 1.

20   The McManns contend that "Mr. McMann was exposed to asbestos from working with

21   and around equipment such as . . . DeLaval steam turbine generators, turbine reduction

22   gear and purifiers."  *Id*., Exh. 2.  The McManns also contend that "Mr. McMann's work

1   with this equipment and around others performing maintenance work on this equipment,

2   including but not limited to work with asbestos-containing insulation, gaskets, and

3   packing on this equipment, exposed Mr. McMann to asbestos." *Id.*

4          On October 21, 2014, IMO filed a motion for summary judgment arguing that the

5   McManns had no actual evidence supporting their allegations.  Dkt. 58.  The McManns

6   failed to respond.

7          Summary judgment is proper only if the pleadings, the discovery and disclosure

8   materials on file, and any affidavits show that there is no genuine issue as to any material

9   fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

10  The moving party is entitled to judgment as a matter of law when the nonmoving party

11  fails to make a sufficient showing on an essential element of a claim in the case on which

12  the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

13  323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

14  could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

15  *Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must

16  present specific, significant probative evidence, not simply "some metaphysical doubt").

17  *See also* Fed. R. Civ. P. 56(e).

18         In this case, the McManns have failed to submit any evidence in support of their

19  claim against IMO.  Once the facts are disputed, the McManns must submit specific,

20  probative evidence on every element of their claim.  Their failure to either submit facts in

21  response to IMO's motion or direct the Court to facts already in the record is fatal to their

22

1    claim.  Therefore, the Court **GRANTS** IMO's motion for summary judgment because no

2    material questions of fact exist on the McManns' claim against IMO or DeLaval.

3           **IT IS SO ORDERED.**

4           Dated this 26th day of November, 2014.

5

6           _____
            BENJAMIN H. SETTLE
7           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22