1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALAN MCMANN and DONNA MCMANN, husband and wife,

Plaintiff,

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.,

Defendants.

CASE NO. C14-5429 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Pabst Brewing Company's ("Pabst") motion for summary judgment (Dkt. 60), Defendant Crane Co.'s ("Crane") motion for summary judgment (Dkt. 63), and Defendant SB Decking Inc.'s ("SB Decking") motion for summary judgment (Dkt. 65) . The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 16, 2013, Plaintiffs Alan and Donna McMann ("McManns") filed a complaint alleging that Mr. McMann was exposed to asbestos while working for

ORDER - 1

numerous Defendants, including Pabst, Crane, and SB Decking. Dkt. 59, Declaration of Michael E. Ricketts, Exh. 1 ("Comp.").

> [The McManns] claim liability based upon the theories of product liability (RCW 7. 72 et seq.); negligence; conspiracy; strict product liability under Section 402A and 402B of the Restatement of Torts; premises liability; breach of warranty; (RCW 62A); and any other applicable theory of liability. The liability-creating conduct of defendants consisted, inter alia, of negligent and unsafe design; failure to inspect, test, warn, instruct, monitor, and/or recall; failure to substitute safe products; marketing or installing unreasonably dangerous or extra-hazardous and/or defective products; marketing or installing products not reasonably safe as designed; marketing or installing products not reasonably safe for lack of adequate warning and marketing or installing products with misrepresentations of product safety.

*Id*. at 3.

On October 22, 2014, Pabst, Crane, and SB Decking filed motions for summary judgment. Dkts. 60, 63, & 65. On November 10, 2014, the McManns responded. Dkts. 67, 69, & 71. On November 14, 2014, Pabst, Crane, and SB Decking replied. Dkts. 73, 76, & 77.

## II. FACTUAL BACKGROUND

On May 8, 2013, Mr. McMann was diagnosed with mesothelioma caused by exposure to asbestos from approximately 1968 to 1998. *Id*. For purposes of the instant motions, Mr. McMann declares that he was stationed aboard the *USS Firedrake* while serving in the United States Navy. McMann alleges that he was exposed to asbestos dust while decking containing asbestos was being removed from the *Firedrake*. Mr. McMann also declares that he was exposed to asbestos while working as a carpenter's apprentice at the Olympia brewery between 1971 and 1972.

## III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically


attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Pabst's Motion**

Pabst moves for summary judgment arguing that (1) it did not owe a common law duty of care to Mr. McMann; (2) it did not owe a statutory duty of care to Mr. McMann; (3) it did not owe a duty of care as a landowner to McMann; (4) the McManns' claims are barred by the Washington Industrial Safety and Health Act, RCW Chapter 49.17 ("WISHA"); and (5) the McManns have failed to submit evidence in support of their claims for market-share liability, enterprise liability, product liability, conspiracy, strict liability, breach of warranty or "any other applicable theory of liability" as alleged in the complaint. Dkt. 60. With regard to the last argument, the Court agrees that the McManns have failed to either submit evidence in support of these claims or direct the Court to evidence in the record to support these claims. Therefore, the Court grants Pabst's motion on these claims.

With regard to the other arguments, the Court will address them individually. It is uncontested that Pabst was the successor in interest to Olympia Brewing Company ("Olympia Brewing") and that McMann worked at the Olympia brewery on two separate

occasions. Based on these facts, the McManns allege that Pabst is liable for Mr. McMann's injuries resulting from exposure to asbestos at the brewery.

**1.     Common Law Retained Control**

The common law of Washington State has long distinguished between an employer's liability for work-related injuries suffered by its own employees and an employer's liability for work-related injuries suffered by independent contractors. *Kamla v. Space Needle Corp.*, 147 Wn.2d 114, 119–20 (2002). The general rule for employees is that an employer is directly liable for all work-related injuries suffered by its own employees. *See id.* The general rule for independent contractors, on the other hand, is that "one who engages an independent contractor is not liable for injuries to the employees of the independent contractor." *Hennig v. Crosby Group*, 116 Wn.2d 131, 133–34 (1991).

There is, however, an exception to the general rule that employers are not liable for injuries suffered by independent contractors: "A common-law exception to the rule of nonliability [for injuries to independent contractors] exists where the employer of an independent contractor . . . retains control over some part of the work." *Kelley v. Howard S. Wright Construction Co.*, 90 Wn.2d 323, 330 (1978). Under such circumstances, "the [employer] then has a duty, within the scope of that control, to provide a safe place of work." *Id.* An injured worker who was employed by an independent contractor does not need to demonstrate that the employer actually manifested control over a workplace in order to recover against the employer: "The test of control is not actual interference with

1 the work of [the independent contractor], but the right to exercise such control." *Id*. at
2 331.
3       In this case, the McManns argue that Olympia Brewing retained control over the
4 project that McMann worked on as a carpenter's apprentice while employed by a separate
5 entity. Dkt. 71 at 13–14. In support of this contention, the McManns have submitted the
6 deposition testimony of Don Eckloff, a project engineer at the brewery from 1969 to
7 2002. *Id*., Exh. C-2. Mr. Eckloff explicitly agreed that the brewery "attempted to control
8 and manage the work that took place at their facility on their grounds." *Id*. at 55:12–16.
9 Although Pabst attempts to clarify or minimize this statement (Dkt. 77 at 2–4), it fails to
10 show that the facts are only susceptible to the interpretation that Olympia Brewing did
11 not retain control over the project. The test of control "is usually a question of fact, but
12 may be determined as a matter of law where the facts are not disputed or are susceptible
13 of only one interpretation." *Straw v. Esteem Const. Co., Inc.*, 45 Wn. App. 869, 874
14 (1986) (citing *S.S. Kresge Co. v. Port of Longview*, 18 Wn. App. 805 (1977)).
15 Therefore, the Court declines to rule on this issue as a matter of law and denies Pabst's
16 motion on the issue of the retained control exception.
17       **2.     Statutory Duty of Care**
18       "In Washington, all general contractors have a nondelegable specific duty to
19 ensure compliance with all WISHA regulations." *Kamla*, 147 Wn.2d at 114 (citing *Stute*
20 *v. P.B.M.C. Inc.*, 114 Wn.2d 454, 464 (1990)).
21       If a jobsite owner does not retain control over the manner in which an
        independent contractor completes its work, the jobsite owner does not have
22

a duty under WISHA to "comply with the rules, regulations, and orders promulgated under [chapter 49.17 RCW]."

*Kamala*, 147 Wn.2d at 125 (citing RCW 49.17.060(2)).

In this case, the same question of fact that exists with regard to the retained control exception precludes summary judgment on this issue as well. Therefore, the Court denies Pabst's motion on the McMann's WIHSA claim.

### 3. Common Law Duty of Care

The "legal duty owed by a landowner to a person entering the premises depends on whether the entrant [is] a trespasser, licensee, or invitee." *Iwai v. State*, 129 Wn.2d 84, 90–91 (1996). Employees of independent contractors hired by landowners are invitees on the landowners' premises. *Meyers v. Synd. Heat & Power Co.*, 47 Wn. 48 (1907); *Epperly v. City of Seattle*, 65 Wn.2d 777, 786 (1965). A landowner is liable for harm caused by an open and obvious danger if the landowner should have anticipated the harm, despite the open and obvious nature of the danger. *Kamla*, 147 Wn.2d at 126.

In this case, there is sufficient evidence to create a question of fact whether Olympia Brewing should have anticipated the harm to Mr. McMann. There is testimony that Olympia Brewing required its own employees to wear safety breathing equipment, which shows that it was aware of the danger of asbestos in the air. Therefore, the Court denies Pabst's motion for summary judgment on this issue.

### 4. Industrial Insurance Act

Pabst argues that Washington's Industrial Insurance Act, RCW Title 51 ("IIA"), bars all of the McManns' claims. It is undisputed that McMann worked at the Olympia

ORDER - 7

1  brewery as a carpenter's apprentice for another employer and as a direct employee of
2  Olympia Brewing.  Dkt. 60 at 20.  Pabst contends that Mr. McMann has suffered an
3  "indivisible injury" and that Pabst's protection as an employer extends to all of Mr.
4  McMann's work at Olympia brewery.  Dkt. 60 at 21–22.  The Court agrees with Pabst
5  that case law as well as the McManns' experts regard asbestos exposure as an indivisible
6  injury.  *See, e.g., Bath Iron Works Corp. v. Director, OWCP*, 506 U.S. 153 (1993).
7  Therefore, if Mr. McMann was exposed as both an employee and either an invitee or a
8  worker for an independent contractor, then the McManns' claims against Pabst are barred
9  by the IIA.  *See Campbell v. Lockheed Shipbuilding Corp.*, 115 Wn. App. 8, 14–15
10 (2002).

11         In response, the McManns contest both the facts and the law.  First, the McManns
12 contend that there is no admissible evidence to establish that Mr. McMann was exposed
13 to asbestos while an actual employee of Pabst.  Dkt. 71 at 22.  However, Mr. McMann
14 himself testified that he was exposed to the same insulation in 1971 to 1972 that he was
15 exposed to in 1975.  Dkt. 77 at 12.  The McManns have failed to submit evidence
16 entitling them to mutually exclusive questions of fact.  For example, even if the Court
17 ignored Mr. McMann's admission that the insulation was the same, it is pure speculation
18 and conjecture that the insulation was different in 1971 to 1972 than it was in 1975.
19 Therefore, the McManns have failed to show that a reasonable juror could conclude that
20 Mr. McMann was exposed to asbestos at one particular time, but was not exposed at the
21 other relevant time.

22

1  With regard to the law, the McManns contend that Olympia has a "dual-persona"
2  and the claim can be maintained under the third-party exception to the IIA.  Dkt. 71 at 23.
3  However, "[t]he immunities conferred by the [IIA] are not easy to avoid" and the IIA
4  "has always been construed stringently in eliminating claims against employers."
5  *Kimball v. Millet*, 52 Wn. App. 512, 513–14 (1998).  With no case directly on point, the
6  Court declines to adopt such an unusual proposition that, when an indivisible injury is
7  alleged, the employer is both immune under the IIA and subject to third-party liability
8  under the IIA.  Therefore, the Court grants Pabst's motion for summary judgment
9  because the McManns' claims are barred by the IIA.

10 **C.  Crane's Motion**

11  In this case, Crane moves for summary judgment on all of the McManns' claims
12  of liability.  Dkt. 63.  In response, the McManns failed to submit evidence or direct the
13  Court to evidence in support of the majority of their claims.  The McManns, however, do
14  argue that there exist material questions of disputed fact on the issue of whether Crane is
15  liable for Mr. McMann's exposure to Crane's asbestos containing the product "Cranite."
16  Dkt. 69.  Crane concedes that disputed questions of fact exist on this sole issue.  Dkt. 73
17  at 3 n.1.  Therefore, the Court grants Crane's motion as to all of the McManns' claims
18  except for Crane's potential liability for exposure to "Cranite."  For that sole exception,
19  the Court denies the motion.

20 **D.  SB Decking's Motion**

21  In this case, SB Decking moves for summary judgment on all of the McManns'
22  claims.  Dkt. 65.  In response, the McManns failed to submit evidence or direct the Court

1 to evidence in support of the majority of their claims. The failure to submit evidence in
2 support of essential elements of their claims is fatal to these claims. Therefore, the Court
3 grants SB Decking's motion on the McManns' claims for civil conspiracy, spoliation,
4 willful or wanton misconduct, and any other applicable theory of liability.

5 With regard to the McManns' claims based on asbestos exposure, the McManns
6 have met their minimal burden. "It is well settled that asbestos plaintiffs in Washington
7 may establish exposure to a defendant's product through direct or circumstantial
8 evidence." *Morgan v. Aurora Pump Co.*, 159 Wn. App. 724, 729 (2011) (citing *Allen v.*
9 *Asbestos Corp., Ltd.*, 138 Wn. App. 564, 571 (2007)).

> For instance, in [*Van Hout v. Celotex Corp.*, 121 Wn.2d 697, 706–07 (1993)], the Washington Supreme Court held that the evidence was sufficient to sustain the jury's verdict for an asbestos plaintiff where the plaintiff testified that he worked in asbestos dust on ships, and witnesses placed the defendant's asbestos-containing insulation materials on those ships.

*Morgan*, 159 Wn. App. at 729. The facts of this case are similar to the facts of *Van Hout*. The McManns can place SB Decking's product on the *Firedrake* and have shown that Mr. McMann was exposed to asbestos dust during decking removal while on the *Firedrake*. Viewing the inferences in the light most favorable to the McManns, the Court finds that material questions of fact exist, precluding summary judgment. Therefore, the Court denies SB Decking's motion as to the remainder of the McManns' claims.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Pabst, Crane, and SB Decking's motions for summary judgment (Dkt. 60, 63, & 65) are **GRANTED in part** and **DENIED in part** as stated herein. The Clerk shall terminate Pabst as a party.

Dated this 2nd day of December, 2014.

BENJAMIN H. SETTLE
United States District Judge