|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| ALAN MCMANN and DONNA MCMANN, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. C14-5429 BHS<br><br>ORDER REQUESTING ADDITIONAL BRIEFING |

This matter comes before the Court on SB Decking, Inc.'s ("SB Decking") motions in limine (Dkt. 85).

On October 22, 2014, SB Decking filed a motion for summary judgment arguing that Washington law applied to Plaintiffs Alan and Donna McMann's ("McManns") asbestos exposure claim against SB Decking. Dkt. 65. Under a comparatively relaxed causation standard, the Court denied the motion because, viewing the evidence in the light most favorable to the McManns, there existed a question of fact regarding liability. Dkt. 80. On December 15, 2014, SB Decking filed motions in limine arguing in part that (1) maritime law applies to the McManns' claim against SB Decking and (2) the Court should exclude all circumstantial evidence related to SB Decking. Dkt. 85. SB Decking's motion in limine is essentially a motion for summary judgment because, if maritime law applies, then the McManns may have failed to submit sufficient evidence to

ORDER - 1

establish a question of fact and SB Decking may be entitled to summary judgment as a matter of law.

Although the deadline for dispositive motions has passed, whether maritime law applies is a question of law that must be decided. SB Decking bears the burden to show that maritime law applies. *Cabasug v. Crane Co.*, 956 F. Supp. 2d 1178, 1181 (D. Haw. 2013).[1] The applicable test includes a location component and a connection component. *Id.* at 1187. If maritime law applies, then a higher standard of causation applies to the McManns' claims. *See Nelson v. Air & Liquid Sys. Corp.*, No. 14-0162, 2014 WL 6982476, at *10 (W.D. Wash. Dec. 9, 2014). Therefore, the Court requests additional briefing on these issues.

SB Decking may file an opening brief no later than January 6, 2015. The McManns may respond no later than January 13, 2015. SB Decking may reply no later than January 15, 2014.

**IT IS SO ORDERED**.

Dated this 31st day of December, 2014.

BENJAMIN H. SETTLE
United States District Judge

---

[1] It's interesting that, although Defendant Crane Company successfully showed that maritime law applied to the claims in *Cabasug*, Crane Company argued that Washington law applies to the McManns' claims. *See* Dkt. 63 at 5.