1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

4

5

6

7

8

9

DONNA McMANN, Individually and as
Personal Representative of the heirs and
estate of ALAN McMANN,

　　　　　　　　Plaintiff,

　　　　v.

CRANE CO., et al.,

　　　　　　　　Defendants.

CASE NO. C14-5429 BHS

ORDER

10

11

12

13

14

15

16

17

This matter comes before the Court on Defendant Goodyear Tire & Rubber
Company's ("Goodyear") motion to compel disclosure of Plaintiff's settlements (Dkt.
126), Defendant Crane Co.'s ("Crane") motion to preclude Plaintiff from using corporate
representative deposition testimony in lieu of live testimony (Dkt. 148), and the parties'
dispute whether maritime law should apply. The Court has considered the pleadings filed
in support of and in opposition to the motions and the remainder of the file and hereby
rules as follows:

18

**I. PROCEDURAL HISTORY**

19

20

21

22

On July 16, 2013, Plaintiffs Alan and Donna McMann ("McManns") filed a
complaint alleging that Mr. McMann was exposed to asbestos while working for
numerous defendants.  Dkt. 59, Ex. 1.  Specifically, the McManns

　　　　claim liability based upon the theories of product liability (RCW 7. 72 et
　　　　seq.); negligence; conspiracy; strict product liability under Section 402A

1     and 402B of the Restatement of Torts; premises liability; breach of
      warranty; (RCW 62A); and any other applicable theory of liability. The
2     liability-creating conduct of defendants consisted, inter alia, of negligent
      and unsafe design; failure to inspect, test, warn, instruct, monitor, and/or
3     recall; failure to substitute safe products; marketing or installing
      unreasonably dangerous or extra-hazardous and/or defective products;
4     marketing or installing products not reasonably safe as designed; marketing
      or installing products not reasonably safe for lack of adequate warning and
5     marketing or installing products with misrepresentations of product safety.

6   *Id.* at 3.

7         On March 3, 2015, the Court granted SB Decking's renewed motion for summary

8   judgment finding that maritime law applied to the McManns' claims against SB Decking.

9   Dkt. 124.

10        On April 2, 2015, Goodyear filed a motion to compel disclosure of the McManns'

11  settlements with other defendants.  Dkt. 126.  On April 13, 2015, the McManns

12  responded.  Dkt. 129.  On April 16, 2015, Goodyear replied.  Dkt. 132.

13        On April 24, 2015, the Court held a pretrial conference.  Dkt. 147.  During that

14  conference, the issues were raised whether maritime law applied to all of the McManns'

15  claims and whether the McManns' settlements with other defendants are relevant for

16  trial.  *Id*.  The Court requested additional briefing on these issues.  *Id*.

17        On May 1, 2015, Crane filed a motion to preclude the McManns from using

18  30(b)(6) deposition testimony when the witness is available for trial.  Dkt. 148.  On May

19  8, 2015, the McManns responded.  Dkt. 151.  On May 15, 2015, Crane replied.  Dkt. 154.

20        On May 8, 2015, Crane filed a brief on the issue of maritime law (Dkt. 150) and

21  Goodyear filed a brief on the issue of maritime law and the production of the settlements

22

1   (Dkt. 152).  On May 15, 2015, the McManns responded and conceded the issue of

2   maritime law.  Dkt. 155.

3   **II. DISCUSSION**

4   **A.      Settlements**

5        Under Washington law, a judgment against a non-settling defendant is reduced by

6   the amount of the settlements reached by the claimant and settling defendants.  RCW

7   4.22.060.

8        In this case, Goodyear moves the Court to compel the McManns to produce the

9   settlement agreements reached with other defendants.  While Goodyear is definitely

10  entitled to the settlement amounts before final judgment is entered, Goodyear fails to

11  show that this information is relevant to any issue that may be raised before or during

12  trial.  Therefore, the Court denies Goodyear's motion without prejudice.

13  **B.      Deposition Testimony**

14       "An adverse party may use for any purpose the deposition of a party or anyone

15  who, when deposed, was the party's officer, director, managing agent, or designee under

16  Rule 30(b)(6) . . . ."  Fed. R. Civ. P. 32(a)(3).  The parties have failed to cite and the

17  Court is unaware of any binding Ninth Circuit authority interpreting this rule.  The Court,

18  however, finds persuasive a discussion from the Tenth Circuit, which is as follows:

19        We agree with Ms. Coletti's argument that Rule 32 allows a party to
      introduce "as a part of his substantive proof, the deposition of his
20    adversary, and it is quite immaterial that the adversary is available to testify
      at the trial or has testified there." *King & King Enters. v. Champlin*
21    *Petroleum Co.*, 657 F.2d 1147, 1163–64 (10th Cir. 1981) (internal
      quotation marks and citation omitted), *cert. denied*, 454 U.S. 1164, 102
22    S.Ct. 1038, 71 L.Ed.2d 320 (1982). However, the admission of deposition

testimony still remains subject to the sound discretion of trial court, *Reeg v. Shaughnessy*, 570 F.2d 309, 316 (10th Cir. 1978), and "[it] has a perfect right to limit the use of the material if [the deposition] is repetitious or immaterial." *King & King*, 657 F.2d at 1164.

*Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999).

In this case, Crane opposes the McManns' request to offer in its case in chief the deposition of Crane's 30(b)(6) representative.  The rule, however, explicitly states that the deposition may be used for any purpose, which includes using it as substantive evidence.  Therefore, the Court denies Crane's motion to preclude this evidence. Although the Court will allow the McManns to use the deposition, Crane may still object on other grounds such as relevance or repetitive evidence under Federal Rules of Evidence, including, but not limited to, 402 and 403.

## III. ORDER

Therefore, it is hereby **ORDERED** that Goodyear's motion to compel disclosure of Plaintiff's settlements (Dkt. 126) is **DENIED without prejudice**, Crane's motion to preclude Plaintiff from using corporate representative deposition testimony in lieu of live testimony (Dkt. 148) is **DENIED**, and the Court **GRANTS** Defendants' unopposed motion to apply maritime law to the McManns' remaining claims.

Dated this 11th day of June, 2015.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4